UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cecil Cogmon,<br><br>　　　Petitioner<br><br>v.<br><br>Warden Brian E. Williams, SR., et al.,<br><br>　　　Respondents | 2:15-cv-02020-JAD-CWH<br><br>**Order Denying Petition as Untimely, Denying Motion for Appointment of Counsel, and Closing Case**<br><br>[ECF No. 9] |

　　　I ordered petitioner Cecil Cogmon to show cause why his § 2254 petition should not be denied as time-barred.[1] Cogmon timely filed his offer of proof,[2] and respondents filed a response that includes exhibits containing Cogmon's state-court records.[3]　　Cogmon's claims are untimely, so I deny his petition, deny his motion for appointment of counsel, and close this case.

### Discussion

　　　The state district court records reflect that the Nevada Supreme Court affirmed Cogmon's judgment of conviction on July 11, 2014.[4] Cogmon's conviction thus became final on September 9, 2014, when the time for seeking a writ of certiorari from the United States Supreme Court expired.[5]

　　　Under AEDPA, Cogmon had one year—until September 9, 2015—to timely file his federal habeas petition. Under the prison mailbox rule, a prisoner's federal petition is deemed filed when he dispatches it to prison authorities for the purpose of mailing the petition to the district court.[6] Cogmon failed to indicate in the space provided in the form petition the date that he dispatched his

---

[1] ECF No. 3.

[2] ECF No. 6.

[3] ECF No. 7.

[4] Ex. 3.

[5] 28 U.S.C. § 2244(d)(1)(A); *Clay v. United States*, 537 U.S. 522, 527 (2003).

[6] *Houston v. Lack*, 487 U.S. 266 (1988).

federal petition for mailing; however, the Southern Desert Correctional Center law library outgoing mail log indicates that he gave his petition to prison personnel for mailing on October 13, 2015,[7] which is consistent with this court's receipt of the petition on October 19, 2015. Because Cogmon's petition was dispatched after the September 9, 2015, deadline, his petition is untimely unless he is entitled to equitable tolling. A petitioner is entitled to equitable tolling if he can show that he diligently pursued his rights and that some extraordinary circumstances stood in his way.[8] In response to the show-cause order, Cogmon asserts:

> My last attorney . . . left me and told me at the last minute that my case is [due] in Federal Court. So I done my best with legal help of other inmates to mail it on time. If not for the Prison here all would have ended well. As you see I had to file a prison grievance in my behalf.[9]

Cogmon attaches a single grievance dated July 1, 2015, grieving that he needs to copy and mail a federal habeas petition but that he was denied access to the law library.[10] The grievance was ultimately denied because Cogmon was denied access to the law library on that occasion because he arrived late for his scheduled appointment.[11]

Cogmon's bare assertion that his attorney told him at the last minute that his statute of limitations would expire does not demonstrate that Cogmon diligently pursued his rights or that extraordinary circumstances prevented him from timely filing his petition, nor does Cogmon's allegation that he was denied access to the law library on a single date more than a year after the Nevada Supreme Court affirmed his judgment of conviction. I therefore deny Cogmon's petition in its entirety, deny his motion for appointment of counsel, and close this case

---

[7] Ex. 4.

[8] *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds, *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[9] ECF No. 6 at 2.

[10] *Id.* at 5.

[11] *Id.* at 7.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Cogmon's petition [ECF No. 4] is DENIED.**

IT IS FURTHER ORDERED that **a certificate of appealability is DENIED** because jurists of reason would not find the court's dismissal of this petition to be debatable or incorrect.

IT IS FURTHER ORDERED that **Cogmon's motion for appointment of counsel [ECF No. 9] is DENIED.**

The Clerk of Court is instructed to CLOSE THIS CASE.

Dated this 10th day of May, 2016.

_____
Jennifer A. Dorsey
United States District Judge